## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| **DANNY TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO.**   3:14-cv-39-TCB |
| **CITY OF TALLAPOOSA, GEORGIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Danny Turner ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant City of Tallapoosa ("Defendant Tallapoosa"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. ("FLSA") for Defendant's willful failure to pay Plaintiff's overtime compensation and for other relief on the grounds set forth herein and states as follows:

## JURISDICTION AND VENUE

### 1.

This Court has jurisdiction over this claim in controversy as it arises from a federal question under 29 U.S.C. §216(b), involving claims arising out of the unlawful employment practices described herein during Plaintiff's employment with the Defendant City of Tallapoosa.

2.

Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), 29 U.S.C. §216(b), and L.R. 3, Northern District of Georgia, because all, or substantially all, of the unlawful employment practices alleged in this Verified Complaint occurred in this District.

## PARTIES

3.

Plaintiff is a resident of the State of Alabama and is subject to the jurisdiction of this Court.

4.

Defendant Tallapoosa is a municipality located in Haralson County, Georgia and may be served through its Mayor, William Bridges, at 15 East Alabama Street, Tallapoosa, GA 30176.  Defendant Tallapoosa is subject to the jurisdiction and venue of this Court.

5.

The City of Tallapoosa Police Department is a city government agency and division of the City of Tallapoosa, Georgia located in Haralson County, Georgia.

6.

Plaintiff worked for Defendant at the City of Tallapoosa Police Department from October 6, 2006 through June 13, 2013.

7.

Plaintiff is an "Employee" as defined under the FLSA, 29 U.S.C.
§203(e)(2)(c).

8.

Plaintiff performed non-exempt labor for the Defendant within the last three
(3) years.

9.

During his employment with the Defendant, Plaintiff provided canine
maintenance consistently, working more than 4 hours a week overtime, for 50
weeks and was not paid the overtime wage differential required under the FLSA,
29 U.S.C. §207.

10.

Upon information and belief, Defendant was Plaintiff's "Employer"
pursuant to 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

11.

During the past three years, Plaintiff worked for Defendant as a Sergeant in
the City of Tallapoosa Police Department, which is a public agency in the State of
Georgia.

12.

Plaintiff was hired by Defendant in October 6, 2006 as a Police Officer with the City of Tallapoosa Police Department.

13.

FLSA guidelines require that law enforcement personnel who work more than one hundred seventy one (171) hours in a twenty-eight (28) day consecutive period be paid overtime for time worked over the one hundred seventy one (171) hours. In the alternative, FLSA guidelines require that law enforcement personnel who work more than eighty-six (86) hours in a fourteen (14) day consecutive period be paid overtime for time worked over the 86 (86) hours.

14.

During the past three years, and specifically during the period from February 6, 2012 through January 21, 2013, Plaintiff provided maintenance for Taison, a police canine owned by the City of Tallapoosa, with no overtime compensation. Defendant failed to keep track of these hours.

15.

Plaintiff was not compensated overtime for canine maintenance of Taison a police canine owned by the City of Tallapoosa.

16.

Defendant failed to pay Plaintiff any overtime wage differential as required by FLSA 29 U.S.C. §207 for occasions when Plaintiff provided maintenance for Taison a police canine owned by the City of Tallapoosa.

17.

Defendant managed, controlled, and directed the tasks, hours, schedule, and manner of payment for Plaintiff during the past three years.

18.

Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §207 and/or §213.

19.

Plaintiff, as a non-exempt employee, was required to be compensated at the rate of 4 hours a week of overtime for the 50 weeks of canine maintenance provided.

20.

Defendant knew or should have known that the FLSA overtime wage differential applied to Plaintiff.

21.

Upon information and belief, Defendant paid other, similarly situated employees the FLSA overtime wage differential for the overtime they worked, but failed to do so for the Plaintiff. Further, Defendant paid Plaintiff overtime wage differential for performing similar work in canine maintenance but ceased without justification.

22.

Upon information and belief, when the Defendant refused to pay Plaintiff the overtime wage differential as required by federal law, Defendant was not relying on any letter ruling from the Department of Labor indicating that Plaintiff was not entitled to the overtime wage differential.

23.

Upon information and belief, Defendant was informed, through its employees and agents, that it had failed to pay the required overtime wage differential to Plaintiff, but failed to rectify its errors and comply with the law.

24.

Plaintiff specifically requested to be paid the required overtime wage differential for his hours providing maintenance for the canine owned by the City of Tallapoosa and Defendant's employees and agents refused to do so.

25.

Defendant is liable to Plaintiff for any and all time worked in excess of 4 hours a week for 50 weeks, while he provided canine maintenance.

26.

Defendants' conduct constitutes willful violations of 29 U.S.C. §207 and 215 of the FLSA, entitling Plaintiff to all relief available under the FLSA, including an award of liquidated damages, attorney fees, and costs of litigation pursuant to 29 U.S.C. §216.

## COUNT ONE

## VIOLATION OF FLSA 29 U.S.C. §§ 207, 215

27.

Plaintiff incorporates Paragraphs 1 through 26 as if the same were fully expressed herein.

28.

Defendant's failure to compensate Plaintiff for overtime while he provided maintenance for a police canine owned by the City of Tallapoosa for 50 weeks is a violation of FLSA 29 U.S.C. §§207 and 215.

29.

Defendant suffered and required Plaintiff to routinely provide maintenance for a police canine for 50 weeks without paying Plaintiff the overtime wage differential to which he is entitled.

30.

Defendant's violations are intentional and willful as Defendant knew, or should have known, that it was required to pay Plaintiff an overtime wage differential pursuant to the FLSA.

31.

Defendant willfully failed to accurately report, record, and/or preserve records of hours actually worked by Plaintiff, and thus failed to make, keep, and preserve records with respect to its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of FLSA.

32.

Defendant's conduct was willful and in bad faith.

33.

Defendant's willful and bad faith violation gives rise to a claim for relief pursuant to FLSA 29 U.S.C. §216.

WHEREFORE, Plaintiff requests that this Court

1)  Grant a trial by jury as to all triable issues of fact;

2)  Issue a judgment awarding Plaintiff:

    a.  All unpaid overtime wage differential pursuant to FLSA 29 U.S.C. §207;

    b.  Liquidated damages as provided by 29 U.S.C. §216;

    c.  Pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216;

    d.  Court costs, expert witness fees, attorney fees, and other expenses of litigation as provided under 29 U.S.C. §216;

    e.  Any and all other remedies allowed under the FLSA; and

3)  Any and all such other relief this Court allows.

This 25th day of March, 2014.

                    LoRusso Law Firm, P.C.

                    s/ Lance J. LoRusso
                    Lance J. LoRusso
                    Georgia Bar No.  458023
                    Rebecca L. Sample
                    Georgia Bar No. 311079

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia   30339
770-644-2378
770-644-2379 (fax)
lance@lorussolawfirm.com
rebecca@lorussolawfirm.com

          This document appears in Times New Roman 14 point font.